1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   COREY COLEMAN GRAY,

11           Plaintiff,                          No. CIV S-05-2611 DFL DAD P

12       vs.

13   JERRY CARDOZA, et al.,                      ORDER AND

14           Defendants.                         FINDINGS AND RECOMMENDATIONS

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  He initiated this civil action in the

17   Sacramento County Superior Court seeking monetary and punitive damages and injunctive relief

18   for personal injuries while incarcerated at New Folsom State Prison.  Defendant Jeanne

19   Woodford, former director of the California Department of Corrections, was served with

20   summons and complaint on November 23, 2005.[1]  On December 22, 2005, she filed a notice of

21   removal as the sole defendant who was served with summons and complaint.[2]  Before the court is

22   _____

23       [1] In her notice of removal, defendant asserts that she received a copy of the summons and
     complaint on November 23, 2003.  It appears that the 2003 date is a typographical error and the
24   correct date is November 23, 2005 since plaintiff's complaint was filed in the Sacramento
     County Superior Court on October 13, 2005.  See Notice of Removal, filed Dec. 22, 2005, at 1.

25       [2] On January 3, 2006, defendant Woodford requested that the court screen the complaint
     and that she be granted an extension of time to file her response.  Defendant Woodford was
26   served with process but was not listed on the California Judicial Council form complaint as a

1

1   plaintiff's opposition to the removal, as well as, several additional motions, notices, and petitions

2   subsequently filed by plaintiff.

3            In her notice of removal, defendant Woodford asserts that plaintiff's complaint

4   presents an Eighth Amendment claim concerning inadequate medical care as well as a retaliation

5   claim for violation of his First Amendment right to petition for redress of grievances.  Defendant

6   contends that this court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 and that

7   removal is proper pursuant to 28 U.S.C. § 1441(b).  Plaintiff opposes the removal of his action

8   from state court.  First, plaintiff argues that his claim concerns a "state conspiracy to deprive

9   plaintiff of medical treatment, negligence, medical malpractice, and retaliation: also attempted

10  genocide 18 U.S.C. 1091."[3]  (Opp'n, filed 1-9-06, at 1.)  Second, plaintiff indicates that the U.S.

11  District Court for the Northern District of California has ruled that plaintiff is barred under 28

12  U.S.C. § 1915(g), and that the removal of this action would prevent plaintiff from proceeding in

13  forma pauperis.  (Id. at 1-2, 4.)  Third, the state court has already granted plaintiff leave to

14  proceed in forma pauperis and plaintiff has filed further information with the state court

15  regarding the alleged retaliation and conspiracy.  Fourth, plaintiff is ill and in pain and the

16  removal of his action to federal court would "prolong suffering and relief and confuse things[,]"

17  and proceedings in federal court would be too complex for plaintiff.  (Id. at 3.)  Fifth, the

18  attempted genocide by the defendant(s) should be prosecuted by the U.S. Attorney General and

19  an inquiry conducted by a special grand jury.  (Id.)  Sixth, plaintiff believes this court and the

20  U.S. Court of Appeals for the Ninth Circuit will retaliate against him.  (Id. at 4.)  Seventh, the

21

22  defendant.  She requested an order setting a date for filing her response after the court had
    completed its screening.  On January 5, 2006, the court ordered that defendant Woodford need

23  not file a responsive pleading until further order from the court.

24      [3] 18 U.S.C. § 1091(a) provides: "Whoever, whether in time of peace or in time of war,
    in a circumstance described in subsection (d) and with the specific intent to destroy, in whole or
    in substantial part, a national, ethnic, racial, or religious group . . . or attempts to do so, shall be

25  punished as provided in subsection (b)."  This statute is known as the Genocide Convention
    Implementation Act or the Proxmire Act.  Manybeards v. United States, 730 F. Supp. 1515, 1521

26  (D. Ariz. 1989).

1  standard for respondeat superior is different at the federal level and would allow defendant

2  Woodward to avoid liability.  (Id.)

3        Defendant responds that plaintiff's opposition should either be disregarded or

4  stricken from the record because plaintiff is required to file a motion for remand in order to

5  challenge the removal of this action.[4]

6        Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of

7  which the district courts of the United States have original jurisdiction, may be removed by the

8  defendant or the defendants, to the district court of the United States for the district and division

9  embracing the place where such action is pending."  In determining whether the district court has

10  original jurisdiction over this action, the court reviews plaintiff's document styled, "Civil Action

11  And Mandamus Or Prohibition" which is construed as plaintiff's complaint.[5]  Although not a

12  model pleading, it appears that plaintiff is presenting the following claims:  (1) conspiracy to

13  commit genocide or attempted genocide in violation of the Eighth and Fourteenth Amendments

14  and 18 U.S.C. § 1091; and (2) inadequate medical care of plaintiff's Hepatitis C condition in

15  violation of the Eighth Amendment.  Plaintiff provides other information regarding problems

16  with the inmate grievance system, the medical care he received while incarcerated at San Quentin

17  State Prison, a doctor's refusal to grant him medically unassigned status, plaintiff's job

18  assignment in the kitchen and the destruction or withholding of plaintiff's educational records.

19  The court construes the allegations as background and historical information based on plaintiff's

20  clarification of his claims in his opposition to the removal of this action.

21        The court finds that plaintiff's claims are based on the Constitution or laws of the

22  United States and thus, removal to this court is proper.  Since the filing fee has been paid by

23

24    [4]  The court agrees that plaintiff failed to file a proper motion to remand this action to
    state court.  Nonetheless, consideration of plaintiff's opposition compels the court to find that
25    defendant's removal of the action was proper.

26    [5]  Court document number 1, Exh. A-II, pp. 2-21.

1   counsel for defendant Woodford, plaintiff is not barred by 28 U.S.C. § 1915(g) from proceeding

2   in this court with the instant action.  However, the court is required to screen complaints brought

3   by prisoners seeking relief against a governmental entity or officer or employee of a

4   governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion

5   thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

6   a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

7   immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15         A complaint, or portion thereof, should only be dismissed for failure to state a

16  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

17  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

18  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

19  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

20  complaint under this standard, the court must accept as true the allegations of the complaint in

21  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

22  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

23  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

24         The court finds the allegations in plaintiff's complaint so vague and conclusory

25  that it is unable to determine whether the current action is frivolous or fails to state a claim for

26  relief.  The court has determined that the complaint does not contain a short and plain statement

1  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

2  policy, a complaint must give fair notice and state the elements of the claim plainly and

3  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

4  must allege with at least some degree of particularity overt acts which defendant Woodford

5  engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the

6  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

7  however, grant leave to file an amended complaint so that plaintiff can clarify his Eighth

8  Amendment medical care claim involving defendant Woodford.

9          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

11  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

12  how defendant Woodford is involved.  Moreover, supervisory personnel are generally not liable

13  under § 1983 for the actions of their employees under a theory of respondeat superior and,

14  therefore, when a named defendant holds a supervisorial position, the causal link between him

15  and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607

16  F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert.

17  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

18  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

19  F.2d 266, 268 (9th Cir. 1982).

20          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

21  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

22  amended complaint be complete in itself without reference to any prior pleading.  This is

23  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

24  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

25  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

26  original complaint, each claim and the involvement of the defendant must be sufficiently alleged.

1         In an amended complaint plaintiff may name defendants from his original

2  complaint, including those who were not served or may name new defendants.  However,

3  plaintiff is advised that because he has not been granted in forma pauperis status, he will be

4  responsible for the payment and completion of service of process on any named defendants.  The

5  court will not direct the U.S. Marshal to serve the defendants named in any amended complaint.

6         The court provides the following legal standards applicable to plaintiff's medical

7  care claim.  Such a claim is brought under the Civil Rights Act which provides as follows:

> 8  Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> 9  deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> 10  law, suit in equity, or other proper proceeding for redress.

11  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

14  (1976).  Plaintiff is advised that to present a medical care claim based on the Eighth Amendment,

15  plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to

16  serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A claim of constitutionally

17  inadequate medical care has two elements:  "the seriousness of the prisoner's medical need and

18  the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059

19  (9th Cir. 1992).

20         A medical need is serious "if the failure to treat the prisoner's condition could

21  result in further significant injury of the 'unnecessary and wanton infliction of pain.'"  974 F.2d

22  at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the

23  presence of a medical condition that significantly affects an individual's daily activities." Id. at

24  1059-60.  In demonstrating the existence of a serious medical need, a prisoner satisfies the

25  objective requirement for proving an Eighth Amendment violation.  See Farmer v. Brennan, 511

26  U.S. 825, 834 (1994).

1    Next, plaintiff must provide allegations to demonstrate that defendants responded

2   to the serious medical need with deliberate indifference.  Proof that a defendant acted with

3   deliberate indifference is required to satisfy the subjective prong of the two-part test that is

4   applicable to any Eighth Amendment claim.  Farmer, 511 U.S. at 834.

5    Before it can be said that a prisoner's civil rights have been abridged with regard

6   to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

7   'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

8   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate

9   indifference is "a state of mind more blameworthy than negligence" and "requires 'more than

10  ordinary lack of due care for the prisoner's interests or safety."  Farmer, 511 U.S. at 835 (quoting

11  Whitley v. Albers, 475 U.S. 312, 319 (1986)).  A physician need not fail to treat an inmate

12  altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial,

13  884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,

14  even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

15  Id.  However,  mere differences of opinion between a prisoner and prison medical staff as to

16  proper medical care do not give rise to a § 1983 claim.  See Jackson v. McIntosh, 90 F.3d 330,

17  332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

18  F.2d 1337, 1334 (9th Cir. 1981).

19    Additionally, mere delay in providing medical treatment without more is

20  insufficient to state a claim of deliberate medical indifference.  See Shapley v. Nevada Bd. of

21  State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment

22  must be harmful, there is no requirement that the delay cause "substantial" harm.  McGuckin,

23  974 F.2d at 1060 (citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990) and

24  Hudson v. McMillian, 503 U.S. 1, 5-9 (1992)).

25    As to plaintiff's genocide claim, plaintiff is advised that this claim lacks merit in

26  that the Genocide Convention Implementation Act does not provide a private cause of action.

1   See 18 U.S.C. § 1092 ("[N]or shall anything in this chapter be construed as creating any

2   substantive or procedural right enforceable by law by any party in any proceeding."); Manybeads

3   v. United States, 730 F. Supp. 1515, 1521 (D. Ariz. 1989) (citing 18 U.S.C. § 1092 as authority

4   for the proposition that no private cause of action is provided); King v. Keller, No. 06-4001-

5   SAC, 2006 WL 1517765, at *6 (D. Kan. May 30, 2006) (holding that the statute is criminal in

6   nature and does not provide a private right of action). Therefore, in any amended complaint

7   plaintiff is directed not to include this claim.

8        In any amended complaint plaintiff elects to file, he should provide allegations

9   pertaining only to his medical care at New Folsom State Prison. Historical background

10  information is unnecessary. Also, plaintiff is advised that incidents occurring at San Quentin

11  State Prison are not properly before this court. The federal venue statute requires that a civil

12  action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district

13  where any defendant resides, if all defendants reside in the same State, (2) a judicial district in

14  which a substantial part of the events or omissions giving rise to the claim occurred, or a

15  substantial part of property that is the subject of the action is situated, or (3) a judicial district in

16  which any defendant may be found, if there is no district in which the action may otherwise be

17  brought." 28 U.S.C. § 1391(b). Claims concerning incidents that occurred at San Quentin State

18  Prison must be filed in a separate action brought in the U.S. District Court for the Northern

19  District of California. Of course, plaintiff must comply with the filing requirements imposed by

20  that court.

21       Following the filing of the notice of removal and plaintiff's opposition to the

22  removal, plaintiff has filed eighteen additional documents. Several of these documents do not

23  appear to have any relation to the pending civil rights action, are moot based on this court's order

24  dismissing plaintiff's complaint with leave to amend, or were not presented as a proper motion as

25  required by Rule 7(b) of the Federal Rules of Civil Procedure. The court has reviewed the

26  documents and finds them to be disjointed and confusing for the most part. Accordingly, the

1 court will address only those pleading which seek relief that is appropriately sought in this action.

2 The remaining documents will be placed in the file and disregarded.  Plaintiff is advised that

3 pleadings that are submitted on state court forms will be disregarded and that with respect to all

4 future documents filed in this action, plaintiff should provide the case file number assigned to

5 this case and should not include the state court's case filing number (No. 05AS04811).  In

6 addition, plaintiff may not file a habeas petition in this civil rights action but must proceed in a

7 separate action in the event he wishes to pursue habeas relief.

8          On January 9, 2006, plaintiff filed a motion for the appointment of counsel to

9 "appeal" the removal of this action.  (Motion for Appoint. of Counsel, filed 1-9-06, at 1.)  The

10 United States Supreme Court has ruled that district courts lack authority to require counsel to

11 represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,

12 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance

13 of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

14 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

15 court does not find the required exceptional circumstances.  Plaintiff's request for the

16 appointment of counsel will therefore be denied.

17          On January 30, 2006, plaintiff filed a motion for a preliminary injunction seeking

18 the following relief:  (1) an order requiring the return of his legal materials, supplies, and

19 prescription glasses; (2) an order dismissing a rule violation charge and parole revocation

20 hearing; (3) an order prohibiting further retaliation by using the disciplinary process; (4) a

21 transfer to a federal facility; (5) single-cell status until an MRI and other tests have been

22 completed; (6) an order requiring that letters concerning hearings be served on plaintiff well in

23 advance of the hearing; (7) that the federal court observe and monitor his disciplinary and parole

24 hearings; (8) construction of this action as both a civil rights action brought pursuant to 42

25 U.S.C. § 1983 and a habeas petition pursuant to 28 U.S.C. § 2254; and (9) an order directing

26 California State Prison - Sacramento to expedite plaintiff's prison grievance.  On March 14,

1  2006, plaintiff filed a motion for a temporary restraining order seeking the following relief:  (1)

2  an order preventing a guilty finding and loss time credits on a rule violation issued on February

3  15, 2006; (2) an order preventing an unfavorable disposition following his parole violation

4  hearing on March 1, 2006; (3) an order preventing the Social Security Administration from

5  closing his case; (4) an order preventing retaliation and conspiracies; (5) an order allowing him to

6  proceed with civil and criminal actions in state and federal court; (6) an order directing the U.S.

7  Marshal to serve all parties; (7) an order directing an investigation by the F.B.I. and requiring that

8  plaintiff be moved to federal protective custody; (8) two million dollars in damages and a jury

9  trial; (9) release from custody prior to April 14, 2006; and (10) other relief that the court is

10  unable to comprehend.  These motions will be denied as defective since defendant Woodford is

11  the only defendant in this action and plaintiff seeks orders and injunctive relief against

12  individuals who are not parties in this suit.  See Zenith Radio Corp. v. Hazeltine Research, Inc.,

13  395 U.S. 100, 112 (1969).  In addition, the court notes that plaintiff filed a notice of change of

14  address on June 14, 2006 indicating that he is now incarcerated at Mendocino County Jail.  When

15  an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for

16  such relief become moot when he is no longer subjected to those conditions.  See Weinstein v.

17  Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

18  Accordingly, plaintiff's motions for injunctive relief should be denied.  To the extent that

19  plaintiff seeks release and permission to proceed with a habeas action, plaintiff's motion is

20  beyond the scope of this civil rights action.

21          In accordance with the above, IT IS HEREBY ORDERED that:

22          1.  Plaintiff's complaint is dismissed.

23          2.  Plaintiff is granted thirty days from the date of service of this order to file an

24  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

25  Rules of Civil Procedure, the Local Rules of Practice, and this order; the amended complaint

26  must bear the docket number assigned this case and must be labeled "Amended Complaint";

1   plaintiff must use the form complaint provided by the court and serve a copy on defendant's

2   counsel; failure to file an amended complaint in accordance with this order will result in a

3   recommendation that this action be dismissed.

4         4.   Plaintiff's January 9, 2006 motion for the appointment of counsel is denied.

5         5.   The following documents will be placed in the file and disregarded: plaintiff's

6   January 9, 2006 emergency petition for a writ of habeas corpus; plaintiff's January 9, 2006

7   supplement to petition for emergency transfer; plaintiff's January 13, 2006 request for judicial

8   notice; plaintiff's January 13, 2006 ex parte application for legal supplies; plaintiff's January 13,

9   2006 state court application for waiver of court fees; plaintiff's January 18, 2006 certificate of

10  trust; plaintiff's January 18, 2006 motion to include evidence; plaintiff's January 25, 2006

11  request for judicial notice of his state court motion for photocopies; plaintiff's January 25, 2006

12  motion to incorporate his state court motion for injunction; plaintiff's January 25, 2006 motion to

13  incorporate his state court motion for appointment of counsel; plaintiff's January 30, 2006

14  evidence of discrimination, selective enforcement and retaliation; plaintiff's March 14, 2006

15  request for judicial notice of documents submitted to law librarian for photocopying; plaintiff's

16  March 21, 2006 request for judicial notice of proof of exhaustion; and plaintiff's March 31, 2006

17  request for judicial notice of exhaustion of administrative remedies.

18        6.   The Clerk of the Court is directed to provide plaintiff with the court's form

19  complaint for a § 1983 action.

20        Also, IT IS HEREBY RECOMMENDED that plaintiff's January 30, 2006 motion

21  for a preliminary injunction and March 14, 2006 motion for a temporary restraining order be

22  denied.

23        These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

25  days after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2   shall be served and filed within ten days after service of the objections.  The parties are advised

3   that failure to file objections within the specified time may waive the right to appeal the District

4   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5   DATED: June 26, 2006.

6

7   _____
    DALE A. DROZD

8   UNITED STATES MAGISTRATE JUDGE

9   DAD:4
    gray2611.remov

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26